UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :    CRIM. NO.
                                  :
              v.                  :    (Judge              )
                                  :    **ELECTRONICALLY FILED**
RICHARD J. VARDENSKI              :

FILED
WILLIAMSPORT, PA

DEC 21 2004

MARY E. D'ANDREA, CLERK
Per_____
                Deputy Clerk

## P L E A   A G R E E M E N T

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the office of the  United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that notwithstanding *Blakely v. Washington*, 124 S. Ct. 2531 (2004), the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended, will apply to the offenses to which the defendant is pleading guilty.  Further, defendant agrees to be sentenced in accordance with the Sentencing Guidelines and agrees not to challenge the constitutionality of the Guidelines.

1.  The defendant agrees to waive indictment by a grand jury and plead guilty to a felony information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania.  That information will charge

12/09/04

the defendant with a violation of Title 18, United States Code, Section 113(a)(3), assault with a dangerous weapon.  The maximum penalty for that offense is imprisonment for a period of ten (10) years, a fine of $250,000.00, a maximum term of supervised release of up to five (5) years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100.00.  At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the information.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court at a sentencing hearing, and the defendant waives the defendant's right, if any, to indictment by a grand jury and to have any of these sentencing issues determined by a jury beyond a reasonable doubt.  In the event that the defendant subsequently successfully vacates or sets aside any plea, conviction or sentence imposed pursuant to this plea agreement, the defendant further agrees to waive any defense to the filing of additional charges which could have been

12/09/04

brought against the defendant at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of Limitations, or any other grounds.

2.   The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The Court may require a term of supervised release in any other case.

3.   The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, *et seq.*

4.   The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

12/09/04

5.    If the Court awards a fine or restitution as part of the
defendant's sentence, and the sentence includes a term of
imprisonment, the defendant agrees to voluntarily enter the
United States Bureau of Prisons-administered program known as the
Inmate Financial Responsibility Program through which the Bureau
of Prisons will collect up to 50% of the defendant's prison
salary and apply those amounts on the defendant's behalf to the
payment of the outstanding fine and restitution orders.

6.    The defendant understands that the Court will impose a
special assessment of $100.00, pursuant to the provisions of
Title 18, United States Code, Section 3013.  No later than the
date of sentencing,~ the defendant or defendant's counsel shall
*or as soon thereafter as the defendant is financially able* *R.V* *DPB*
mail a check in payment of the special assessment directly to the
Clerk, United States District Court Middle District of
Pennsylvania.  This check should be made payable to "Clerk,
United States District Court".  Counsel for the defendant shall
provide a copy of the special assessment check or a Clerk's
receipt to the United States Attorney's Office for the Middle
District of Pennsylvania at the time of sentencing certifying
compliance with this provision of the plea agreement.  If the
defendant intentionally fails to make this payment, pays with an
insufficient funds check, or otherwise fails to comply with any
of the requirements of the United States Attorney's Office's
Financial Litigation Unit regarding the special assessment, it is

4

understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

7.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status.  As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status. Pursuant to Title 18, United States Code, Section 3664 (d)(3), the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea.  The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

8.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of

5

12/09/04

the defendant's involvement in the offense described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

9.    Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate its resources efficiently. Accordingly, if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office will move at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The failure of the Court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement.

10.    At the time of sentencing, the United States will recommend that the Court impose the minimum prison term within the applicable guideline range.

12/09/04

11.    With respect to the application of the United States

Sentencing Commission Sentencing Guidelines to the defendant's

conduct, the parties agree to recommend as follows:

- **Guidelines Manual November 5, 2003**
- **U.S.S.G. § 2A2.2, Base Offense Level of 15;**
- **U.S.S.G. § 2A2.2(b)(2)(B), use of dangerous weapon, 4 level enhancement;**
- **U.S.S.G. § 2A2.2(b)(3)(B), serious bodily injury, 4 level enhancement;**
- **Adjusted Offense Level - 23**
- **U.S.S.G. § 4B1.1(b), career offender offense level 24;**
- **U.S.S.G. § 3E1.1(b), acceptance of responsibility, 3 level decrease, resulting in total offense level of 21.**

The defendant understands that none of these recommendations is

binding upon either the court or the United States Probation

Office, which may make different findings as to the application

of the United States Sentencing Commission Sentencing Guidelines

to the defendant's conduct.  The defendant further understands

that the United States will provide the Court and the United

States Probation Office all information in its possession which

it deems relevant to the application of the United States

Sentencing Commission Sentencing Guidelines to the defendant's

conduct.

12.    The defendant acknowledges that, pursuant to the

Mandatory Restitution Act of April 24, 1996, Title 18, United

States Code, Section 3663A, the Court is required in all

instances to order full restitution to all victims for the losses

12/09/04

those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case an the defendant will be required to make partial restitution payments.

13.    The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

14.    The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the Presentence Report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any

12/09/04

substantive differences.   If any issues remain unresolved, they
shall be communicated to the probation officer for his inclusion
on an addendum to the Presentence Report.   The defendant agrees
that unresolved substantive objections will be decided by the
court at the sentencing hearing where the standard of proof will
be a preponderance of the evidence, and the Federal Rules of
Evidence, other than with respect to privileges, shall not apply
under Fed. R. Evid. 1101(d)(3), and the court may consider any
reliable evidence, including hearsay.   Objections by the
defendant to the pre-sentence report or the Court's rulings, will
not be grounds for withdrawal of a plea of guilty.

15.   The defendant understands that pursuant to the Victim
and Witness Protection Act and the regulations promulgated under
the Act by the Attorney General of the United States:

(a)   The victim of a crime is given the
opportunity to comment on the offense and
make recommendations regarding the sentence
to be imposed.   The defendant also
understands that the victim's comments and
recommendations may be different than those
of the parties to this agreement.

(b)   The federal prosecutor is required to
consult with victims of serious crimes to
obtain their views regarding the appropriate
disposition of the case against the defendant
and make the information regarding sentencing
known to the Court.   The defendant
understands that the victim's opinions and
recommendations may be different than those
presented by the United States as a
consequence of this agreement.

12/09/04

(c)  The federal prosecutor is required to 'fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding,' and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, personal injury or death.

16.  At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

17.  The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for ten (10) years, a fine of $250,000.00, a maximum term of supervised release of up to five (5) years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.00.

18.  If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to

12/09/04

withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

19.    Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

20.    Nothing in this agreement shall bind any other federal, state or local law enforcement agency.

21.    The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while

11                                          12/09/04

awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing,  the defendant will not be permitted to withdraw any guilty pleas tendered, pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

22.    This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

12/09/04

23.   The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., January 10, 2005, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

24.   None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

12/09/04

**ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_____12/15/04_____
Date

_____
RICHARD J. VARDENSKI
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

_____2/15/04_____
Date

_____
D. TONI BYRD, Esquire
Counsel for Defendant

_____December 20, 2004_____
Date

_____
THOMAS A. MARINO w/s
United States Attorney

WPS:jmm
December 9, 2004/2004R00681

14

12/09/04